IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.  Case No. 1:24-cr-290-MLB

Leterence Bembry,

        Defendant.

_____/

# ORDER

In September 2024, the United States charged Defendant Leterence Bembry with possession of methamphetamine with the intent to distribute in violation in 21 U.S.C. § 841 and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922. (Dkt. 1.) Defendant filed several motions to dismiss the indictment (Dkts. 17, 20, 36) and two documents he titled "Notice of Filing Affidavit of Fact and Writ of Discovery/Averment of Jurisdiction" (Dkts. 18, 19). The Magistrate Judge issued a Report and Recommendation saying this Court should deny all those motions. (Dkt. 40.) Defendant filed objections. (Dkt. 43.) The Court adopts the Magistrate Judge's recommendation and denies all of Defendant's motions.

## I.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has not asserted objections, the court must conduct a plain error review of the record. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983). Parties filing objections to a magistrate judge's recommendation must specifically identify those findings to which they object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.*

## II.  Discussion

In his motions to dismiss, Defendant argued a lot of things the Court has trouble understanding and that the Magistrate Judge correctly categorized as typical "sovereign citizen filings." (Dkt. 40 at 5.) He alleged in his first motion to dismiss, for example, that he is a "Natural Person," that no "delegation of authority be proven," that "there is no record on file of [his] signature giving consensual contract," that he does not represent the corporation "LETERENCE BEMBRY," and that he "rescinds any information" stating he did. (Dkt. 17-1.) He ended his one paragraph motion saying "due to the fact that delegation of authority has not been proven in writing this criminal indictment is void and must be dismissed." (*Id*.) He filed another motion to dismiss that includes 124 pages he seems to have copied from some other source. (Dkt. 20.) The Court will not summarize that "motion" as it makes no legal argument but (perhaps) alleges (in one part) that "no one can nationalize or naturalize any member of the human family" and that somehow prevents his prosecution. (*Id*. at 2.) He supplemented his motion with another 33 pages he photocopied from various sources (including portions of the *Dred Scott* decision and a United Nations "Convention on the Rights of the

3

Child". (Dkt. 25.) Again no legal argument whatsoever. He filed another motion to dismiss that seems to be a pre-printed "Memorandum of Law" in which he underlined, starred, and bracketed various portions. (Dkt. 36.) This document has a bunch of nonsensical allegations, the crux of which seems to be a claim that "no jurisdiction exists in the U.S. to enforce federal criminal laws until CONSET TO ACCEPT JURISDICTION OVER ACQUIRED LANDS HAVE BEEN PUBLISHED, and filed on behalf of the UNITED STATES as provided and filed in 40 U.S.C. 255." (Dkt. 36 at 5.) He then filed two identical documents entitled "Writ of Discovery Averment of Jurisdiction" in which he demands a copy of a "Certified Delegation of Authority" for the Court's jurisdiction, declares the Court will have no jurisdiction if it does not give him the delegation within 21 days, and asserts his "Constitutional/Treaty secured rights" to obtain the "Oath of Office, Oath of Ethics and Bond Number" for the judges and federal employees involved in this case. (Dkts. 18 at 2-3; 19 at 2-3.)

The Magistrate Judge recommends denial of all Defendant's Motions as utterly baseless. Defendant filed objections but did not engage with the Magistrate Judge's analysis or challenge any of her

conclusion. The Court thus believes plain error review or perhaps no review is necessary. In an abundance of caution, however, the Court has reviewed the Report and Recommendation de novo and has given fresh consideration to Defendant's objections.

The Magistrate Judge properly recognized this Court has jurisdiction over the indictment charging Defendant with violations of federal drug and firearms offenses, writing:

> District courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. The Eleventh Circuit has explained that "'[s]ubject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231,'" and "'[t]hat's the beginning and the end of the jurisdictional inquiry.'" *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)) (internal quotation marks omitted).

(Dkt. 40 at 4.) That is a correct statement of the law. The Magistrate Judge also properly concluded Defendant's motions to dismiss present the types of arguments typically asserted by so-called "sovereign citizens" and that the Eleventh Circuit as rejected as frivolous. (Dkt. 40 at 5.) His claim that he is a "Natural Person" who lives outside the jurisdiction of federal criminal laws, that the Court needs a delegation of authority for jurisdiction (and must provide it to him), and that his status (or lack of

5

status as a corporation) somehow controls this Court's jurisdiction are completely frivolous. The Court has difficulty even following his logic as most of his arguments are pure gobbledygook. At any rate, the Magistrate Judge was correct in concluding his arguments against obvious federal jurisdiction are frivolous. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (stating courts "have summarily rejected [sovereign citizen] legal theories as frivolous"); see also *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (per curiam) (finding sovereign citizen legal theories to assert immunity from prosecution "have no arguable legal basis and are patently frivolous," regardless of whether the litigant called himself a sovereign citizen).

Defendant's objection to the Report and Recommendation reiterates his claim that he is a "natural man and not a corporate entity" who has not consented "to any actions or proceedings" and repeats his demand for the Court's "delegation of authority." (Dkt. 43 at 1.) The Magistrate Judge properly concluded these attacks on the Court's jurisdiction are frivolous. In his objections, Defendant also raises additional arguments that fall within the same bucket. He includes a "Request for Discovery of information" in which he asks the Assistant United States Attorney to

6

provide "an assessment of the charges . . . including a certified audit of all transactions, receipts, contracts." (Dkt. 43 at 1-2.) This is not an attack on the Court's jurisdiction and does not undermine the Magistrate Judge's recommendation. And, of course, Defendant can make his demand for discovery directly to the United States. The Court has no reason to believe the United States has shirked its responsibility in this regard and does not interpret Defendant's objections to the Report and Recommendation as a challenge to the discovery otherwise provided. Defendant next claims to "conditionally accept the court's offer for value in return for the value contingent upon the fulfillment" of either his request for the delegation of authority or his request for discovery. (*Id.* at 2.) The Court does not know exactly what he means or offers but knows this is another frivolous argument. Finally, he demands dismissal of this case because the United States (or the Court) failed to honor his last demand for the delegation. (*Id.*) Again frivolous.

### III. Conclusion

The Court **ADOPTS** the Magistrate Judge's Non-Final Report and Recommendation (Dkt. 40) and **DENIES** Defendant Leterence Bembry's various motions to dismiss and related notices of filings (Dkts. 17, 18, 19,

20, 36).  If Defendant believes he is entitled to additional discovery not already provided, he may file a motion seeking that relief.

**SO ORDERED** this 13th day of March, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE