IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.  Case No. 1:24-cr-290-MLB

Leterence Bembry,

         Defendant.

_____/

# ORDER

The United States charged Defendant Leterence Bembry with possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841 and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922.  (Dkt. 1.)  Defendant has filed a bevy of motions attacking the investigation, the indictment, and the United States's ability to prosecute him.  The Court previously adopted a Report and Recommendation issued by the Magistrate Judge addressing several motions.  (Dkt. 48.)  In this order, the Court adopts another Report and Recommendation from the Magistrate Judge addressing several other motions and decides several motions the Magistrate Judge deferred to this Court.

### A. Report and Recommendation (Dkt. 78.)

Defendant moved to dismiss as unconstitutional the firearm charge against him. (Dkt. 50.) He claims the felon-in-possession statute violates his Second Amendment rights. The Magistrate Judge says the Court should deny Defendant's motion in the light of the Eleventh Circuit's decision in *United States v. Dubois*, 139 F.4th 887, 893 (11th Cir. 2025). (Dkt. 78.) Defendant objects to that recommendation. (Dkt. 81.)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has not asserted objections, the court must conduct a plain error review of the record. *See*

*United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983). Parties filing objections to a magistrate judge's recommendation must specifically identify those findings to which they object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.*

Defendant's objection merely tracks his prior argument—that the Eleventh Circuit's decision upholding the constitutionality of 18 U.S.C. § 922(g) in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) is no longer controlling in the light of the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). (Dkt. 81.) Defendant, however, totally ignores the Magistrate Judge's observation that the Eleventh Circuit has concluded *Bruen* and *Rahimi* did not abrogate *Rozier* and thus *Rozier* remains good law. *United States v. Dubois*, 139 F.4th 887, 893 (11th Cir. 2025) ("We require clearer instruction from the Supreme Court before we may reconsider the constitutionality of section 922(g)(1). *Rozier* continues to bind us, so [defendant's] challenge based on the Second Amendment fails."). That's all that matters for a district court in the Eleventh Circuit. The Court follows that precedent, adopts the

Magistrate Judge's recommendation, and denies Defendant's motion to dismiss. (Dkt. 50.)[1]

### B.     Motion to Exclude (Dkt. 34.)

Defendant asks this Court to exclude certain evidence as improperly sealed, saying the error in sealing "increases the risk of contamination or tampering" and that its admission could "violate due process or evidentiary rules." (Dkt. 34.) From the attachment to his motion, the Court concludes Defendant is referring to three items law

---

[1] Law enforcement apparently found the firearm at issue after stopping Defendant for driving a car with a broken brake light. As a secondary argument, Defendant contends that, because Georgia law only requires one functioning brake light, the traffic stop at issue in this case was invalid. (Dkt. 81 at 2.) He thus argues, the Court should dismiss the gun charge because police obtained the gun at issue "through an unconstitutional traffic stop." (*Id.* at 2-3.) Putting aside any disconnect between suppression and dismissal, the Court has the discretion to refuse to consider this new argument. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding district court did not abuse its discretion in refusing to consider petitioner's timeliness arguments which were not raised in the first instance to the magistrate judge). Even considering it, however, does not change the outcome because Defendant misstates the law. The statute Defendant cites requires one functioning light on a vehicle manufactured with one light. O.C.G.A. 40-8-25(a). But, contrary to Defendant's assertion, it says "[i]f a motor vehicle is manufactured with two brake lights, both must be operational." *Id.* at 40-8-25(b). In the absence of evidence this provision is inapplicable (because Defendant's vehicle was manufactured with just one brake light), the Court rejects Defendant's new attack on the indictment.

enforcement apparently submitted to the Georgia Bureau of Investigation for laboratory analysis. (*Id.* at 4.) A portion of the lab report notes the items were "received improperly sealed." (*Id.*) Defendant's motion attacks the authenticity of the evidence not the validity of any search or seizure. The Court understands Defendant's concerns as to the reliability of the evidence but cannot rule on his motion until (and if) the United States seeks to lay a foundation at trial. The Court thus denies Defendant's motion to exclude (Dkt. 34) subject to Defendant's reassertion at trial.

### C. Motion to Amend

Defendant also filed something entitled a "Motion to Amend Pretrial Motion or to Correct the Indictment and Address Improperly Sealed Evidence" (Dkt. 51) in which he complains about the alleged sealing errors and claims the indictment misidentifies the controlled substance found at the time of his arrest. (Dkt. 51.) The Court denies relief as to the alleged sealing issue for the reason already stated. As to the second issue, Defendant apparently contends that, while the indictment charges him with possessing methamphetamine on the day of his arrest, he allegedly possessed the substance commonly known as

MDMA. (Dkt. 51 at 1-2.) He says the Court should order a "correction in the interests of justice." (*Id.* at 2.) The Court cannot address factual issues in the indictment. That is the province of the jury. The United States has charged a specific controlled substance and will be held to those charges at trial. If it fails to prove the crime charged, Defendant can file a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. That will provide Defendant the relief he seeks. So the Court denies his motion to amend (Dkt. 51).

## D.   Conclusion

The Court **ADOPTS** the Magistrate Judge's Non-Final Report and Recommendation (Dkt. 78) and **DENIES** Defendant Leterence Bembry's Motion to Dismiss (Dkt. 50). The Court also **DENIES** Defendant's Motion to Exclude Evidence (Dkt. 34) and Motion to Amend Pretrial Motion or to Correct the Indictment and Address Improperly Sealed Evidence (Dkt. 51), both subject to reassertion at trial.

**SO ORDERED** this 19th day of August, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE